1 | BRIAN J. STRETCH (CABN 163973)
United States Attorney

2

3 | BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

4 | DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

5

6 | 450 Golden Gate Avenue, Box 36055
San Francisco, California  94102
Telephone: (415) 436-7200

7 | Facsimile: (415) 436-7234
E-Mail: deborah.r.douglas@usdoj.gov

8

Attorneys for the United States of America

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13 | UNITED STATES OF AMERICA, ) CR 14-527 RS
)
14 |             v.                  )
)  STIPULATION AND [~~PROPOSED~~] ORDER FOR
15 | YA HUAI HUNG,                   )  A CONTINUANCE AND EXCLUSION OF TIME
ROBERT CHUN,                    )  UNDER THE SPEEDY TRIAL ACT, 18 U.S.C.
16 | JIE MU,                         )  § 3161 ET. SEQ
LAURENCE SHU KWAN LEE,          )
17 | KEVIN HARTIG,                   )
ANGELINA CHUONG, and            )
18 | CHONTHICHA JAEMRATANASOPHIN,   )
)
19 |         Defendants.              )
)
20 |                                  )

21

22     The United States of America, by and through its attorney of record, and the above-captioned

23 defendants ("defendants"), by and through their respective attorneys of record, hereby stipulate as

follows:

24

25     1.     For the reasons stated below, the parties respectfully request a continuance of the status

26 hearing, currently scheduled for Tuesday, October 11, 2016, at 2:30 p.m., to Tuesday, December 6,

2016, at 2:30 p.m.  Yesterday, October 6, 2016, government's counsel was advised that the defense

27

28 lawyers were requesting a continuance via stipulation to December 6, 2016, and that a defense lawyer

Stipulation and Order                           1
CR 14-527 RS

had checked this Court's availability with the deputy clerk. To facilitate this matter, government's counsel, who is most familiar with the status of this case, agreed to prepare the stipulation. The parties agree that the stipulation should have been coordinated earlier, especially since interpreters are needed in this case, and apology for any inconvenience to the Court.

2. Ten defendants were charged in a 32-count Indictment with various conspiracies and substantive offenses involving racketeering, money laundering, use of facilities in interstate and foreign commerce to promote prostitution, transportation for the purpose of prostitution, and importation of aliens for immoral purpose. There are forfeiture allegations related to each of the 32 counts. This case involves a staggering amount of discovery, including voluminous documentary and computer evidence totaling approximately 106 separate items of digital evidence. The financial aspects of this case have required extensive review and analysis, and the government's preparation of over 100 charts documenting the multitude of financial transactions. This Court has ruled that this case is complex for purposes of an exclusion of time under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(B)(ii).

3. Since the last status conference on May 24, 2016, the following developments have occurred in this case:

 a. Defendant Waylen Fong entered a guilty plea on June 7, 2016, and was sentenced on July 5, 2016.

 b. Defendant Allen Fong entered a guilty plea on July 5, 2016, and is scheduled to be sentenced on November 22, 2016.

 c. The remaining defendants, Ya Huai Hung, Robert Chun, Jie Mu, Laurence Shu Kwan Lee, Kevin Hartig, Angelina Chuong, and Chonthicha Jaemratanasophin, have all received proposed plea agreements from the government. Because the amount of discovery is so overwhelming, government's counsel agreed to marshal the evidence and prepare the factual proffer in the plea agreement in a detailed manner to facilitate the defense lawyers' discussions with their respective clients. The proposed plea agreements contain lengthy and detailed statements applicable to each defendant, including as related to charges of money laundering. Preparing the proposed plea agreements in this manner was extremely time-consuming for government's counsel and necessitated her review of

Stipulation and Order                     2
CR 14-527 RS

the voluminous discovery, including financial records, and consultation with the case agent. The defense lawyers, in turn, needed sufficient time to review and investigate the evidence, as set forth on the proposed plea agreements, and independently compare the government's factual proffer with the discovery, and consult with their respective clients. In short, to ensure effective preparation of counsel, the foregoing process has been very time-consuming for all parties.

       d.    The government provided the defense lawyers with a forfeiture report prepared by an asset forfeiture specialist from the Department of Homeland Security which documents the analysis to support forfeiture and the evidence used to support that analysis. The asset forfeiture report was reviewed and approved by Assistant United States Attorney David Countryman from the Asset Forfeiture Unit and the undersigned Assistant United States Attorney. To ensure effective preparation of counsel, defense lawyers have made inquiries of the government regarding forfeiture and have been conducting their own review and research regarding forfeiture.

       4.    The defense lawyers have advised that they need additional time to conduct factual and/or legal research regarding various aspects of this case, and to consult with their respective clients. Defense attorneys have also provided government's counsel with their specific dates of unavailability for this Court's regular criminal calendar on Tuesdays, including October 25, 2016, November 1, 2016, November 9, 2016, November 15, 2016, and November 22, 2016, and their general unavailability during additional periods when they are out-of-town or involved in other cases at trial and appellate courts, state and federal.

       5.    Government's counsel represents that resolution of this case with respect to certain defendants is imminent, but that the parties need additional time. If government's counsel and a defendant reaches an agreement, the plea agreement must be approved by two supervisory levels at the United States Attorney's Office and the Organized Crime Gang Section of the Department of Justice in Washington, D.C. Government's counsel has consented to a continuance of this case to December 6, 2016 with the understanding that, if and when the parties approve a plea agreement, a request will be made to this Court to advance the date of the proceeding for the purpose of the guilty plea. In prior

proceedings, this Court graciously advised the parties of its willingness to advance the proceeding for a guilty plea and to set a special session, if necessary.

6. The parties stipulate and agree that this matter should be continued to December 6, 2016 at 2:30 p.m., and that the failure to grant such a continuance would unreasonably deny the defendants continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties further stipulate and agree that the time from October 11, 2016 through December 6, 2016 should be excluded based upon the complexity of the case in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), and on the basis that the ends of justice are served by taking such action which outweigh the best interest of the public and the defendant in a speedy trial and for continuity of counsel and effective preparation of counsel, taking into account the exercise of due diligence, under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

DATED: October 7, 2016

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

\_\_\_\_\_/s/_____
DEBORAH R. DOUGLAS
Assistant United States Attorney

\_\_\_\_\_/s/_____
ROBERT WAGGENER &
RICHARD HULLINGER
Attorneys for Defendant Ya Huai Hung

\_\_\_\_\_/s/_____
RANDALL G. KNOX
Attorney for Defendant Robert Chun

\_\_\_\_\_/s/_____
MARK GOLDROSEN
Attorney for Defendant Jie Mu

\_\_\_\_\_/s/_____
ALAN DRESSLER
Attorney for Defendant Laurence Shu Kwan Lee

\_\_\_\_\_/s/_____
SETH P. CHAZIN
Attorney for Defendant Kevin Hartig

\_\_\_\_\_/s/_____
ALEXANDRA McCLURE, Esq.
Attorney for Defendant Angelina Chuong

\_\_\_\_\_/s/_____
SCOTT SUGARMAN, Esq.
Attorney for Defendant Chonthicha Jaemratanasophin

<u>ORDER</u>

Upon the parties' stipulation, and GOOD CAUSE appearing, IT IS HEREBY ORDERED that the status hearing on October 11, 2016 is hereby vacated, and the above-captioned matter shall be continued to December 6, 2016 at 2:30 p.m. and that the time from October 11, 2016 through December 6, 2016 shall be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(B)(ii), and 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv). The Court finds that (A) the above-captioned matter is complex based upon the nature of the prosecution; (B) failure to grant the continuance would unreasonably deny the defendants continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (C) the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO ORDERED.**

DATED: October  7 , 2016

_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE